IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| KATHY E. LORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:10cv451-WHA |
| | ) | (WO) |
| CITY OF OZARK and BILLY BLACKWELL | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion to Dismiss (Doc. #24), filed by The City of Ozark (the "City") and Billy Blackwell ("Blackwell," together, "Defendants") on August 13, 2010.

The Plaintiff, Kathy E. Lord ("Lord") filed a Complaint in this court on May 24, 2010. On June 15, 2010, Defendants filed a Motion to Dismiss, to which Lord responded on July 12, 2010. Subsequently, after receiving the court's permission to do so, Lord filed a First Amended Complaint on July 20, 2010. Lord's Complaint alleges that the City and Blackwell are each liable to Lord under both (1) Title VII of the Civil Rights Act of 1964; and (2) 42 U.S.C. § 1983. Lord bases each of her claims on theories of retaliation and disparate treatment. The Motion to Dismiss now under submission is addressed to the First Amended Complaint and is based on failure to state a claim and qualified immunity on behalf of Defendant Blackwell.[1]

---

[1] For sake of simplicity, the court refers to Lord's First Amended Complaint as her "Complaint." The Motion to Dismiss addressed to the original Complaint is ORDERED DENIED as moot.

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED IN PART and DENIED IN PART.

## II. MOTION TO DISMISS STANDARD

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993). In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief. *See Ashcroft v. Iqbal*, _ U.S. _, 129 S. Ct. 1937, 1949-50 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.[2]

---

[2] Lord spends nearly seven pages of her brief arguing the standard of review in this case. Specifically, Lord argues that *Twombly* "can be compartmentalized to apply to similarly complex statutory schemes" rather than this case, and seems to argue that Defendants's Motion to Dismiss should be denied because "[i]nterestingly and most importantly, Defendants' [sic] in their Motion never raise the argument that they are unable [sic] determine what claims are levied against them." (Pl.'s Resp. to Defs.' Mot. to Dismiss. ¶¶ 10-11.) This argument is frivolous. First, the Supreme Court as well as the Eleventh Circuit have held that *Twombly* applies to "all

### III. FACTS

The allegations of the Plaintiff's Complaint are as follows:

Blackwell is Mayor of the City. Lord worked for the City as Blackwell's executive assistant. In March 2009, Sabrina Hill ("Hill"), who worked for the City, filed EEOC charges against the Director of Leisure Services, alleging that he had sexually harassed her and other members of the Department. Subsequently, Blackwell told all "executive employees [including Lord] to break off all communications with Ms. Hill in an attempt to force settlement." (Am. Compl. ¶ 7.) Nevertheless, while Hill's EEOC complaint was pending and investigation was open, Lord told Hill about Blackwell's orders. Subsequently, in July 2009, after discovering that Lord had disobeyed his order, Blackwell terminated Lord's employment.

### IV. DISCUSSION

**A.    Threshold Issues: How Can Lord Sue the Defendants Under Title VII and § 1983?**

Lord contends that the City and Blackwell are each liable to her under both Title VII and 42 U.S.C. § 1983, under theories of disparate treatment and retaliation. Additionally, Lord does not indicate whether she is suing Blackwell in his individual or official capacity. Because both Title VII and Section 1983 suits can only be brought against certain defendants and in certain capacities, prior to turning to the merits of Lord's Title VII and Section 1983 claims, the Court will consider whether and how Lord can bring which claims against both Blackwell and the City.

---

civil actions." *Randall v. Scott*, 610 F.3d 701, 708 (11th Cir. 2010) (citing *Iqbal*, 129 S. Ct. at 1953). Second, the pleading standard set forth in *Twombly* and *Iqbal* is not whether a defendant has fair notice of a claim, though of course, a claim may be dismissed when a defendant does not have fair notice.

Based on the following threshold analysis, the court concludes that (1) all of Lord's claims against Blackwell are due to be dismissed; and (2) Lord's § 1983 claim against the City is due to be dismissed. The only claim that survives this threshold analysis is Lord's Title VII claims against the City.

1.  *Blackwell*

Lord contends that Blackwell is liable to her under Title VII and § 1983. Blackwell cannot be sued under Title VII. Additionally, although Blackwell might face personal liability under 42 U.S.C. § 1983, he can only face this liability as a defendant sued in his individual capacity. Finally, Blackwell cannot face liability under § 1983 based solely on an alleged Title VII violation.

First, Blackwell is not a proper defendant in a Title VII cause of action, regardless of whether he is being sued in an individual or official capacity. In 2006, the Eleventh Circuit held that "relief under Title VII is available against *only the employer and not against individual employees* whose actions would constitute a violation of the Act, regardless of whether the employer is a public company or a private company." *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) (emphasis added and removed). In this case, Blackwell is the mayor of the City, which makes him the City's employee. Thus, he cannot be a defendant in a Title VII cause of action. Accordingly, Lord's claim against Blackwell under Title VII is due to be dismissed.

Second, Blackwell can only face personal liability under § 1983 if he is sued in his personal capacity. This is because "[o]fficial capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v.*

4

*Graham*, 473 U.S. 159, 165 (1985) (*citing Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n.55 (1978)).  Thus, to the extent that Lord brings a claim against Blackwell under § 1983 in his official capacity, this claim will be treated as a § 1983 claim against the City.

Third, Blackwell cannot be held liable in his individual capacity under § 1983 based solely on an allegation of a Title VII violation.  *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998) (holding that an allegation of a Title VII violation cannot provide the sole basis for the § 1983 claim).  "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  The Complaint does no more than adopt allegations of the Title VII claims and state that "Plaintiff alleges the activities above represent violations of 42 U.S.C. § 1983." ¶ 19.  In her Response at ¶ 23, Plaintiff responds by saying, "Plaintiff has pled violations of 42 U.S.C. § 2000 as the basis of her § 1983 claims."  But, as noted above, this cannot be the basis for a § 1983 claim.  Therefore, Plaintiff's § 1983 claim against Blackwell in his individual capacity is due to be dismissed.  It is not up to the court to guess what constitutional or statutory right, other than Title VII, Lord might contend Blackwell violated, but the court will give Lord the opportunity to amend by alleging such a contention in a way that might state a claim for relief that is plausible on its face, if she wishes to do so.

    2.    *The City*

Just as with a § 1983 claim against Blackwell, Lord has failed to state a basis for a § 1983 claim against the City that is plausible on its face, but Lord will be given an opportunity to amend to attempt to do so, if she wishes.  Lord did not respond to the City's argument that she

did not allege facts sufficient to establish a plausible claim of municipal liability, and she should keep that in mind if she decides to file an amended complaint.

Thus, the court will only consider Lord's Title VII claim against the City.[3]

### B.     Substantive Analysis Under Title VII

Lord brings her Title VII claims against the City under two theories of discrimination: disparate treatment and retaliation.

#### 1.     *Disparate Treatment on the Basis of Gender*

Title VII prohibits an employer from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a)(1).  The critical element in establishing wrongful gender discrimination in violation of Title VII is discriminatory intent.  *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).  Such discriminatory intent can be established through (1) statistical proof of a pattern of discrimination; (2) direct evidence of discrimination, which consists of evidence that, if believed, would prove the existence of discrimination without inference or presumption; or (3) circumstantial evidence of discriminatory intent using the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).  *See Holifield v. Reno*, 115 F.3d 1555, 1561-62 (11th Cir. 1997).

---

[3]Sovereign immunity does not bar a Title VII claim against a municipality.  *Wu v. Thomas*, 863 F.2d 1543, 1550 (11th Cir. 1989) ("Because appellants' claim under 42 U.S.C. § 2000e arises under Title VII of the 1964 Act, no eleventh amend barrier exists.").

Lord claims that the City discriminated against her, basing her claim solely on the fact that the City treated her differently than allegedly similarly situated male employees. In other words, her contentions are based on circumstantial evidence of discriminatory intent. Accordingly, the court will use the *McDonnell Douglas* framework to evaluate Lord's claims.

Under the *McDonnell Douglas* framework, to survive a motion to dismiss, the plaintiff must first raise an inference of discrimination by establishing a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802; *Batey v. Stone*, 24 F.3d 1330, 1333-34 (11th Cir. 1994).

A plaintiff's prima facie case for a discharge-discrimination claim must show the following elements: (1) the plaintiff is a member of a protected class; (2) the plaintiff was qualified for the position at issue; (3) the plaintiff was discharged despite his qualification; and (4) the plaintiff was subject to differential treatment, that is, he was either (a) replaced by someone who was not a member of the plaintiff's protected class or (b) a similarly situated employee who was not a member of the protected class engaged in nearly identical conduct and was not discharged. *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1185 (11th Cir. 1984); *Holifield*, 115 F.3d at 1562.

In this case, the City does not dispute the first three elements, but rather, argues that Lord's disparate treatment claim is due to be dismissed because she fails to allege any similarly situated male employees who engaged in nearly identical conduct and were treated differently than her. Lord's only argument in response is that the City's argument should be dealt with on summary judgment, as opposed to in the motion to dismiss stage of litigation. Lord has, however, chosen to allege the persons and actions she deems appropriate for comparison, and the court considers the claim as pled.

The Eleventh Circuit has held that "[i]n determining whether employees are similarly situated for purposes of establishing a prima facie case, it is necessary to consider whether the employees are involved in or accused of the same or similar conduct and are disciplined in different ways." *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (internal quotation marks and citations omitted). "The most important factors in the disciplinary context are the nature of the offenses committed and the nature of the punishments imposed." *Id.* (internal quotation marks and citations omitted). Most significantly, for purposes of this case, the Eleventh Circuit "require[s] that the quantity and quality of the comparator's misconduct be *nearly identical*." *Id.* at 1368 (emphasis added). The purpose of this "nearly identical" rule is one of judicial restraint: "to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges." *Id.* at 1368 (citing *Dartmouth Review v. Dartmouth Coll.*, 889 F.2d 13, 19 (1st Cir. 1989)); *see also McCann v. Mobile Cnty. Pers. Bd.*, No. 05-0364-WS-B, 2006 WL 1867486, at *4 (S.D. Ala. Jul. 6, 2006) (holding that an allegation that conduct was "much worse" does not satisfy the "nearly identical" standard).

In this case, Lord alleges that she "was treated differently than similarly situated male employees who had committed far worse violations of the City's policies and procedures" (Am.Cmpl. ¶ 16), and lists eight male employees in her Complaint whom she claims are comparators to her but were not terminated. She alleges that the following employees were not terminated (1) one employee unsatisfactorily booked the civic center for an event; (2) one employee committed harassment and misappropriated city funds and vehicles; (3) one employee falsified doctor's excuses; (4) one employee engaged in sexual acts in the City's police vehicles and on the City's property; (5) one employee committed sexual harassment, embezzled money,

8

and "acted as a sexual predator;" (6) one employee engaged in sexual acts with minors in the City's police vehicles and on the City's property; (7) one employee lied under oath in a Court proceeding; and (8) one employee reported to the scene of a chemical spill "while intoxicated and belligerent." (Am. Compl. ¶ 17.) On the other hand, Lord alleges that she was terminated for revealing to another employee who had filed an EEOC complaint against the City information which the mayor considered to be confidential. (Am. Compl. ¶¶ 6 and 7.) Lord does not contend that these employees committed nearly identical misconduct, rather, she contends that these employees "committed far worse violations" than she did.

Lord's failure to allege that any of these employees committed "nearly identical" conduct dooms her claim. Eleventh Circuit precedent requires that this court evaluate whether employees are similarly situated by determining whether they engaged in "nearly identical" conduct as the plaintiff. The question of whether the conduct is "far worse" is not for the court, but for the employer to decide. If an employer decides that a breach of confidentiality is more serious than, say, a criminal conviction, the employer may choose to punish its employees accordingly. *See Maniccia*, 171 F.3d at 1369 ("Appellant has not offered any evidence that a male officer has ever used confidential information accessible only to police officers for non-police purposes . . . . Confidentiality goes to the very heart of law enforcement, as well as any employment relationship. It is quite reasonable for Appellee to respond to such a breach of trust with the most serious punishment available."). While perhaps the City's choice to terminate Lord and not other employees might seem to some unwise or even unfair, Title VII does not exist to make this court a "super-personnel department . . . to second-guess the wisdom of an employer's business

9

decisions." *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) (punctuation omitted).

As Lord has not identified any similarly situated employees who were treated differently than she was, Lord has failed to allege a prima facie case of disparate treatment.[4]  Accordingly, Lord's disparate treatment claim is due to be dismissed.

2.      *Retaliation Claim*

Lord contends that the City should be liable to her for retaliation because the Mayor terminated her after she told Hill, during the pendency of Hill's EEOC charges against the City, that Blackwell had told all "executive employees to break off all communications with Ms. Hill in an attempt to force settlement."  (Am. Compl. ¶ 7.)

To state a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in an activity protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action.  *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001) (internal quotation marks and citation omitted).  The City disputes the first of these elements.  Accordingly, Defendant's Motion to Dismiss Lord's retaliation claim turns on whether Lord engaged in "protected activity."

There are two types of protected activity that can serve as the basis for a retaliation claim: (1) if an employee opposed any practice that is an unlawful employment practice (the "opposition

---

[4] Lord does not allege that she was replaced by someone outside her protected class, so her prima facie case cannot stand on that ground.

10

clause"); and (2) if an employee "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter" (the "participation clause"). 42 U.S.C. § 2000e-3(a). Lord's Response to Defendant's Motion to Dismiss makes it clear that Lord's retaliation claim is based only on the participation clause. (Pl.'s Resp. to Defs.' Mot. to Dismiss ¶¶ 12-16.)

The City argues that a breach of an employer's confidentiality policy is not protected activity. Although this argument is facially directed toward the issue of protected activity, the court finds that their argument, and the cases cited, go more toward the issue of whether the City had a legitimate, non-retaliatory reason for terminating Lord, as opposed to whether Lord engaged in protected activity within the meaning of the participation clause. *E.g.* (Defs.' Mot. to Dismiss at 14) ("the cases cited in this section establish that a breach of confidentiality still *justifies termination* of a disloyal employee") (emphasis added).[5] Because the issues of legitimate, non-retaliatory reasons and pretext have not been briefed by the parties at this stage in the litigation, the court will not dismiss the retaliation claim on that basis.

Furthermore, the City argues that this court cannot take as true Lord's allegations of protected activity. Specifically, Lord's main allegation that she engaged in protected activity states that "*Defendants revealed in a position letter* that the information Ms. Lord allegedly disclosed was related to Ms. Hill's EEOC [claim] [sic], including, but not limited to, the Mayor's

---

[5]For instance, one of the cases cited by the City, *Vaughan v. Epworth Villa*, 537 F.3d 1147 (10th Cir. 2008) actually holds that an employer had a legitimate non-retaliatory reason to terminate an employee who breached confidentiality, *despite the fact that the employee committed protected activity*. *Id.* at 1152-53. Also, significantly, none of the cases cited were decided at a motion to dismiss stage, and all of these cases, besides cases cited to define retaliation, were from outside the Eleventh Circuit.

11

instructions to executive employees to break off all communications with Ms. Hill in an attempt to force settlement." (Am. Compl. ¶ 7.) The City attached the position letter to its Reply, and argued that because it differed from what Lord alleged, Lord's allegations regarding the order of confidentiality and Lord's revelations should not be taken as true.

 Notwithstanding the issue of whether the City can utilize the position letter at the motion to dismiss stage of this litigation, the court rejects its argument. Lord's legal argument does not rest on the fact that the position letter, an advocacy document written on the City's behalf, made a particular statement. Rather, Lord's legal argument rests on what Lord allegedly said. Additionally, it appears that Lord's Complaint refers to the position letter only to bolster the strength of her Complaint, by showing that the City had knowledge that she spoke with Hill, and that the City terminated her on that basis. Finally, the only real difference between the relevant portions of the position letter and Lord's allegations are that the position letter is written in a light more favorable to the City; both documents are substantively consistent.[6]

 In ruling on a motion to dismiss, the court must read the Complaint in Lord's favor. Under this standard, the court is not willing to dismiss Lord's Title VII retaliation claim at this stage of the proceedings.

---

 [6]The position letter states, in pertinent part: "Ms. Lord leaked information about the Mayor's views on how best to create conditions that would diffuse Ms. Hill's anxiety and promote an amicable settlement . . . . [Blackwell] wanted the City's executive employees to break off direct communications with Ms. Hill in order to allow the City's attorney, Ms. Hill's attorney, and the EEOC to work out an agreement." (Doc. #29-1 ¶ 1.) This statement is not inconsistent with Lord's allegations, but rather, puts those allegations in a light more favorable to Defendant.

## V.  CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1.  Defendants' Motion to Dismiss (Doc. #24) is GRANTED with prejudice as to all Title VII and official capacity claims against Blackwell.

2.  Defendants' Motion to Dismiss (Doc. #24) is GRANTED without prejudice as to the Title VII disparate treatment claim against the City and the § 1983 claims against the City and Blackwell in his individual capacity.

3.  Defendant's Motion to Dismiss (Doc. #24) is DENIED as to the Title VII retaliation claim against the City.

4.  Plaintiff is given **until December 3, 2010**, to file a Second Amended Complaint if she should choose to do so.   Any such amended complaint must be complete unto itself, and may not incorporate by reference any portions of previous pleadings.

Done this 17th day of November, 2010.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE